AARON D. FORD
Attorney General
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1150
E-mail: drands@ag.nv.gov

*Attorneys for Defendants John Henley, Robert Hartman, James Dzurenda, Charles Daniels, Nethanjah Breitenbach, Perry Russell, Fernandeis Frazier, Matthew Schober, Travis Skretta and David Craig*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL SCOTT KLEIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>Defendants. | Case No. 3:23-cv-00387-ART-CSD<br><br>ORDER GRANTING<br>**MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION (First Request)** |

Defendants, John Henley, Robert Hartman, James Dzurenda, Charles Daniels, Nethanjah Breitenbach, Perry Russell, Fernandeis Frazier, Matthew Schober, Travis Skretta and David Craigby and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, Office of the Nevada Attorney General, and hereby move this Court for an extension of time to file dispositive motion. (Counsel's First Request). This Motion is made and based upon Federal Rules of Civil Procedure 6(b)(1)(A), the attached Points and Authorities, the papers and pleadings on file herein, and such other and further information as this Court may deem appropriate.

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL ANALYSIS

This is a pro se civil rights lawsuit, pursuant to a Complaint, brought by Plaintiff Paul Scott Klein ("Klein") under 42 U.S.C. § 1983. ECF No. 4. Klein's allegations arise from circumstances which took place while he was incarcerated within the Nevada Department of Corrections (NDOC) at Northern Nevada Correctional Center (NNCC). Based on Woods' Complaint In the Complaint, Klein sues multiple Defendants for events that occurred while Klein was incarcerated at Northern Nevada Correctional Center. (ECF No. 4 at 1.)

Klein sues Defendants State of Nevada, Nevada Department of Corrections, Nethanjah Breitenbach, Charles Daniels, Fernandes Frazier, James Dzurenda, Robert Hartman, Perry Russell, Matthew Schober, Travis Skretta, and Sergeant Craig.. (ECF No. 4 at 1-2.) Klein brings two counts and seeks monetary declaratory and injunctive relief. (Id. at 4-26.) The Court has issued a scheduling order indicating that dispositive motions are due on July 23, 2026. For various reasons, additional time is necessary for the Defendants to complete their dispositive motion.

As the Court is aware, Counsel has recently taken on several new cases from attorneys who have recently left the Office of the Attorney General. Many of these cases had impending deadlines. Further, many of the Defendants are no longer employed with the NDOC. Counsel has had some difficulty regarding the necessary declarations. Finally, while attempting to complete the motion, Counsel lost access to the Prolaw filing system. This system contains all of the documents in the various files in the office of the Attorney General. Many of those documents are necessary to complete the motion. Due to the above, Counsel will not be able to properly prepare and support the necessary dispositive motion. Therefore, Counsel requests an additional 15 days to file the dispositive motion.

///

///

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Further, the Local Rules of Practice require a showing of good cause for a request made within 21 days of the subject deadline. LR 26-3. Finally, this Court noted in the November 30, 2023, extension that "[n]o further extensions of time will be granted absent extraordinary circumstances." ECF No. 40 at 1:23.

Good cause exists to grant the requested extension of time, which is filed within 21 days of the subject deadline. Defendants' request for a brief extension of time will not hinder or prejudice Plaintiff's case but will allow for a thorough opportunity to file a complete dispositive motion. The requested extension of time should permit the Defendants time to adequately gather the required declarations and prepare the motion. Defendants assert that the requisite good cause is present to warrant the requested extension of time. Further, extraordinary circumstances exist for the extension based the suddenly increased workload and the lack of access to the files. In light of this situation, it is respectfully asserted that a short extension is warranted. Therefore, a 15-day extension is requested. This is Defendants first request to extend the deadline.

## III. CONCLUSION

Defendants asserts that the requisite good cause and extraordinary circumstances are present to warrant the requested extension of time. Therefore, Defendants request an

///

///

///

///

extension to file his dispositive motion. The Defendants request an extension of 15 days, or to **Friday, August 7, 2026,** to file their dispositive motion**.**

DATED this 22nd day of July, 2026.

AARON D. FORD
Attorney General

By: */s/ Douglas R. Rands*
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General
*Attorneys for Defendant*

IT IS SO ORDERED.

DATED: July 23, 2026.

Craig S. Denney
United States Magistrate Judge