**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PAUL SCOTT KLEIN,

Plaintiff

v.

STATE OF NEVADA, et al.,

Defendants

Case No.: 3:23-cv-00387-ART-CSD

**Order**

Re: ECF Nos. 47, 53

Before the court are Plaintiff's requests for a 90-day extension of discovery. (ECF Nos. 47, 53.) The court gave Defendants additional time to file a response, and they filed their response on August 11, 2026. (ECF Nos. 57, 57-1 to 57-4.) Plaintiff filed a reply. (ECF No. 61.)

## I. BACKGROUND

The court screened Plaintiff's original complaint and allowed him to proceed with the following claims: (1) an Eighth Amendment conditions of confinement claim against Breitenbach, Daniels, Dzurenda, Hartman, Russell, Schober, Skretta, Frazier, and John Does 1 and 2, that the HVAC systems in Units 4 and 10-A at NNCC have been inoperable for years, and as such, Plaintiff has been exposed to extreme heat and cold, as well as dust, allergens, and other air quality issues due to the lack of ventilation; (2) a First Amendment retaliation claim against Sergeant Craig and Jane Doe 1, Jane Doe 3, and John Doe 3 based on allegations that Plaintiff was told to bring a grievance to the administrative building, and although it was below freezing outside, these Defendants delayed the process of addressing the grievance and forced Plaintiff to wait outside in the cold while there were places to hold inmates inside in this situation; and

(3) an Eighth Amendment conditions of confinement claim against Sergeant Craig, Jane Doe 1, Jane Doe 2, and John Doe, based on allegations that NNCC does not provide inmates with appropriate winter clothing to wear outdoors, and these Defendants forced Plaintiff to wait outside in sub-freezing temperatures while they delayed processing his grievance. (ECF No. 3.)

Plaintiff was subsequently granted leave to file a supplemental complaint and proceed with a claim under the Eighth Amendment and the Nevada Constitution's corollary provision against Henley, Hartman, and Dzurenda, alleging that they moved Plaintiff from Unit 10, which had a poorly functioning HVAC system, to Unit 1, which has an even worse HVAC system, subjecting Plaintiff to even more extreme temperatures and poor ventilation. (ECF No. 14.)

The court issued the original scheduling order in this case on August 13, 2025, giving the parties until February 9, 2026, to complete discovery. The scheduling order specifically provides that any motion to extend discovery must be received by the court at least 21 days before expiration of the deadline, and the motion must include: (A) a statement specifying the discovery completed by the parties as of the date of the motion; (B) a specific description of the discovery which remains to be completed; (C) the reasons why the remaining discovery was not completed; and (D) a proposed schedule for completion of the remaining discovery. (ECF No. 30 at 4-5.)

The scheduling order further outlined the requirement that before filing a discovery motion, the parties must undertake a good faith effort to meet and confer to informally resolve the dispute, and any discovery motion must contain a declaration providing the details and results of the meet and confer conference and the full text of each discovery requested and disputed response at issue. (*Id*. at 5.)

On September 18, 2025, Defendants requested an extension of the discovery deadline. (ECF No. 36.) The court granted this request and extended discovery to October 21, 2025. (ECF No. 37.)

On January 13, 2026, Plaintiff filed a motion for an extension of the scheduling order deadlines. (ECF No. 42.) The court granted the motion, extending discovery to June 23, 2026, and setting the dispositive motions deadline for July 23, 2026. The order provides that the deadline to move to extend discovery was June 2, 2026, and the deadline to file discovery motions was July 8, 2026. (ECF No. 44.)

On June 3, 2026, Plaintiff sent a request to the Clerk stating he was missing a document and asked if it was filed or not. (ECF No. 45.) A minute order was entered regarding the procedure to obtain copies of electronically filed documents. (*Id.*)

On June 10, 2026, District Judge Traum noted the Clerk had only received a one-page submission, and not the nine-page document to which Plaintiff referred. As such, Judge Traum directed the Clerk to send a copy of the docket, and instructed Plaintiff to resubmit his filing in full and to identify any requested documents by ECF Number. (ECF No. 46.)

On June 12, 2026, Plaintiff filed a document titled "Plaintiff's Compliance with Court's Order (ECF # 46) and Attached Motion for an Extension of Time of 90 Days for Purpose of Completing Discovery (2nd Request)." (ECF No. 47.) The attachment appears to be the document he had attempted to file previously: a request for a 90-day extension to complete discovery. (ECF No. 47 at 3-13.)

On June 23, 2026, Plaintiff filed his own motion for summary judgment (ECF No. 48), which is now fully briefed.

On July 28, 2026, Plaintiff filed a motion requesting an amended scheduling order, stating that his prior request was unopposed. He asks for a 90-day extension, making discovery due on October 25, 2026, and dispositive motions due on November 25, 2026. (ECF No. 53.)

On August 6, 2026, Defendants filed their motion for summary judgment. (ECF No. 54.)

On August 11, 2026, the court ordered Defendants to file a response to Plaintiff's motions requesting an extension of the discovery deadline by August 24, 2026. (ECF No. 56.)

In their response to Plaintiff's request for an extension of discovery, Defendants assert they have responded to all discovery, both parties have filed dispositive motions, and Plaintiff's request is untimely. Defendants attach: Craig's responses to Plaintiff's requests for admissions (dated March 23, 2026) (ECF No. 57-1); Craig's responses to Plaintiff's interrogatories (dated February 4, 2026) (ECF No. 57-2); defendant Russell's responses to Plaintiff's interrogatories (ECF No. 57-3); and Defendants initial and supplemental disclosures (ECF No. 57-4). The initial and supplemental disclosures include a letter from Senior Deputy Attorney General Douglas R. Rands dated March 17, 2026, stating he was in receipt of Plaintiff's letter dated February 14, 2026, in which Plaintiff demanded discovery documents within 20 days. Mr. Rands enclosed the shift log from December 26, 2021, and with respect to the maintenance records, he stated that he had provided all that he had in his possession related to the HVAC system. (ECF No. 57-4 at 2-4.)

In his reply, Plaintiff argues that Defendants did not timely oppose his requests for an extension of discovery, and therefore, the court did not have authority to grant them an extension to do so, and his requests should be granted.

///

///

## II. DISCUSSION

While Local Rule 7-2(d) provides that the failure of an opposing party to file a response to a motion (other than amotion for summary judgment or attorney's fees) constitutes consent to the granting of the motion, it does not provide that the court must grant the motion. Nor does it preclude the court from giving a party leave to file a belated response. Moreover, the moving party must still demonstrate that he or she is entitled to the relief sought in the motion. Therefore, Plaintiff's request that the court grant his requests for a 90-day extension of discovery simply because Defendants did not timely respond to the motions is denied.

Next, insofar as Defendants argue Plaintiff's request is untimely, Plaintiff's filing requesting a 90-day extension at ECF No. 47 could conceivably be construed as timely because it appears that he initially attempted to file it prior to the expiration of the deadline to seek an extension of discovery.

The motions nevertheless fail to comply with the court's order that Plaintiff state the discovery completed up to that time, what discovery remains to be completed, and why that discovery was not completed. Nowhere in Plaintiff's requests for a 90-day extension of discovery is there a list of the discovery that has been completed. The court was only able to discern this from the discovery attached to Defendants' response. The motion is subject to denial on this basis alone.

In addition, Plaintiff asserts that he cannot list what discovery remains to be completed because he claims Defendants have obstructed his efforts to obtain discovery. Plaintiff's filing appears to demonstrate, however, that he could at least attempt to describe what additional discovery he wishes to propound, particularly where he seeks a lengthy extension of discovery and dispositive motions have already been filed.

Plaintiff's motion reads more like an attempt to compel further responses to discovery as he expresses dissatisfaction and/or disagreement with various discovery responses. If Plaintiff was dissatisfied with Defendants' responses to discovery, his remedy was to file a motion to compel.

Plaintiff had until July 8, 2026 to do so. The discovery responses were served in January, February and March of 2026. Defendants' letter supplementing initial disclosures with the shift log from December 26, 2021, and stating that all maintenance records for the HVAC system had been provided, is dated March 17, 2026. As such, Plaintiff had ample time to meet and confer and file a motion to compel. Moreover, to the extent his filings could be construed as seeking an order compelling further discovery responses, Plaintiff has not demonstrated compliance with the court's rules regarding meeting and conferring prior to filing a motion to compel, or in providing the precise text of the discovery request at issue and any response.

To the extent Plaintiff disagrees with responses to discovery or believes that they are not accurate, Plaintiff can provide evidence (such as documentary evidence, responses to discovery, or declarations from himself or others) to attempt to refute any factual statements offered by Defendants in briefing on the dispositive motions, or at trial if the case proceeds beyond summary judgment. The court will not order Defendants to change their responses to discovery simply because Plaintiff disagrees with a response.

In sum, the court does not find Plaintiff has demonstrated good cause to extend discovery another 90 days.

///

///

///

## III. CONCLUSION

Plaintiff's requests for a 90-day extension of discovery (ECF Nos. 47, 53) are **DENIED**.

**IT IS SO ORDERED**.

Dated: August 26, 2026

Craig S. Denney
United States Magistrate Judge